**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 08-60126-CR- ZLOCH/ROSENBAUM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ALEX SHILMAN and
EDUARDO RAMOS,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court upon Petitioner Yacht Club at Portofino Condominium Association, Inc.'s (the "Yacht Club") Petition to Adjudicate Validity of Claimed Interest In Property ("Petition") [D.E. 90], pursuant to an Order of Reference issued by the Honorable William J. Zloch. [D.E. 104]. In its Petition, the Yacht Club seeks an ancillary hearing pursuant to 21 U.S.C. § 853(n)(6) and asserts its interest with respect to the real property commonly described as 90 Alton Road, Unit 1803, Miami Beach, Florida. After a full review of the Petition and the record in this matter, I respectfully recommend that the Court deny the Yacht Club's Petition as moot.

### *DISCUSSION*

On April 22, 2008, the United States of America (the "United States" or "Government") filed a criminal Complaint against Defendant Alex Shilman ("Shilman") in which it charged Shilman with "intentionally attempting to possess with the intent to distribute a Schedule II controlled substance" (*i.e.*, cocaine), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). A grand jury later indicted Shilman and another defendant in a two-count Indictment. [D.E. 19]. On August 29, 2008, in connection with the prosecution of the case, the Government filed a Bill of Particulars in which it

sought, among other relief, the forfeiture of the real property commonly described as 90 Alton Road, Unit 1803, Miami Beach, Florida (the "Property"). On the same date, the Government filed a Notice of *Lis Pendens* regarding forfeiture of the Property. [D.E. 56].

Thereafter, and in connection with a Plea Agreement executed on October 3, 2008, Defendant Shilman agreed that the Property constituted or was derived from proceeds which he obtained, directly or indirectly, as a result of the charges to which he pled guilty, or the Property was used to facilitate the commission of the offense. [D.E. 65]. Accordingly, as part of his Plea Agreement, Shilman agreed to forfeit to the United States his rights, title, and interest in the Property as well as other personal items. *Id.* Upon a Motion by the Government and pursuant to the terms of the Plea Agreement, the Honorable William J. Zloch entered a Preliminary Order of Forfeiture on November 12, 2008. [D.E. 77]. In the Preliminary Order of Forfeiture, Judge Zloch acknowledged Shilman's consent to forfeiture of the Property and, thereafter, ordered that the Property be seized and forfeited to the United States pursuant to 21 U.S.C. § 853. *Id.* The Preliminary Order also directed the United States to publish a notice providing any other person claiming a legal interest in the Property an opportunity to file a petition with the Court. *Id.*

On February 2, 2009, the Yacht Club filed the instant Petition alleging an interest in the Property and seeking relief from the Court's Preliminary Order of Forfeiture. [D.E. 90]. Subsequently, on June 5, 2009, the Government filed a Motion for Entry of Final Order of Forfeiture. [D.E. 99]. In its Motion, however, the Government acknowledged that although the initial Preliminary Motion and subsequent Preliminary Order of Forfeiture included seizure of the Property, the Government intentionally omitted the Property from the Motion for Entry of *Final* Order of Forfeiture. *Id.* at n.1. Indeed, the Government announced that it "no longer seeks forfeiture based upon insufficient equity in the real property and *has filed a release of Lis Pendens*." *Id.* (Emphasis

added). In light of this exclusion, the Government represented to the Court that no persons had filed a petition with the Court pursuant to the Notice of Forfeiture and that the deadline to file such a petition had expired. *Id.*

Accordingly, on June 8, 2009, Judge Zloch entered a Final Order of Forfeiture [D.E. 100] forfeiting Shilman's interest in other items, but *omitting* forfeiture of the Property now at issue. The record also reflects that approximately one week later, on June 16, 2009, the Government filed a Release of Notice of *Lis Pendens* with respect to the Property. [D.E. 101]. Thus, the Government released and discharged the *lis pendens* previously recorded regarding the Property.

After reviewing the file in this case and having found that the Government had released the *lis pendens* against the Property and that the Final Order of Forfeiture entered by the Court does not include the Property upon which the Yacht Club claims an interest, I entered an Order to Show Cause [D.E. 105] directed to the Yacht Club. Specifically, I directed the Yacht Club to show cause in writing by no later than September 18, 2009, why I should not recommend that the Petition [D.E. 90] be denied as moot for the reasons set forth herein. I also warned that the Yacht Club's failure to comply with the Order to Show Cause would constitute grounds for the Court to deny the Petition by default.

The Yacht Club did not file a response to the Order to Show Cause. And, although this fact alone would provide the Court with grounds to deny the Yacht Club's Petition, the underlying facts of this case also support the Court denying the Petition. As noted above, the Government made it clear in its Motion for Entry of Final Order of Forfeiture that it did *not* seek forfeiture of the Property based upon insufficient equity in the Property. *See* D.E. 99 at n1. Additionally, despite the fact that the Property was included in the Court's Preliminary Order of Forfeiture [D.E. 77], the Property was *not* the subject of the Court's Final Order of Forfeiture. [D.E. 100]. Finally, in furtherance of its

3

intention not to seek forfeiture of the Property, the Government filed a Release of Notice of *Lis Pendens*. [D.E. 101]. The Release, together with the amendment of the Preliminary Order of Forfeiture (*i.e.*, the entry of the Final Order of Forfeiture) already provided the relief sought by the Yacht Club in its Petition. Indeed, in its Petition, the Yacht Club alleges an interest in the Property and seeks relief from the Court's Preliminary Order of Forfeiture. Because the Final Order of Forfeiture does *not* encompass the Property, no additional measures are necessary to grant the relief requested by the Yacht Club. This is particularly true since the *lis pendens* previously filed was released. Hence, any encumbrance of the Property that was a consequence of the underlying criminal matter has been lifted. Accordingly, there is nothing further for this Court to decide with respect to the Yacht Club's interest in the Property and, thus, the Petition should be denied as moot.

## *CONCLUSION*

In light of the facts that the United States has released the *lis pendens* against the Property and the Final Order of Forfeiture entered by the Court does not include the Property upon which the Yacht Club claims an interest, I respectfully **RECOMMEND** that the Yacht Club's Petition to Adjudicate Validity of Claimed Interest in Property [D.E. 90] be **DENIED AS MOOT**.

The parties shall have ten (10) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable William J. Zloch, United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal the factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *R.T.C. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d

404, 410 (5th Cir. Unit B 1982) (en banc); 28 U.S.C. § 636(b)(1).

    **DONE** and **ORDERED** at Fort Lauderdale, Florida this 24th day of September, 2009.

                                                                    ROBIN S. ROSENBAUM  
                                                                     United States Magistrate Judge

cc:    Honorable William J. Zloch  
       counsel of record

       Marc A. Halpern, Esq. (Counsel for Petitioner)  
       Halpern Rodriguez, LLP  
       Douglas Entrance, North Tower  
       800 Douglas Road, Suite 880  
       Coral Gables, Florida 33134